IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ADAPTIX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:12-cv-00019-LED |
| | § | |
| AT&T MOBILITY LLC, | § | |
| HTC CORPORATION, | § | |
| HTC AMERICA, INC., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT AT&T MOBILITY LLC'S
ANSWER TO ADAPTIX, INC.'S
FIRST AMENDED COMPLAINT**

Defendant AT&T Mobility LLC ("AT&T") answers Plaintiff Adaptix, Inc.'s ("Adaptix") First Amended Complaint for Patent Infringement ("Complaint") as follows:

### I. AT&T'S ANSWER

### THE PARTIES

1. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies the same.

2. AT&T Inc. has been dismissed from this lawsuit, so no response is required.

3. AT&T admits that AT&T Mobility LLC is a limited liability company duly organized and existing under the laws of the state of Delaware. AT&T admits that AT&T Mobility LLC's registered agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201. AT&T admits that AT&T Mobility LLC does business in the judicial district at 5976 West Parker Road, Plano, Texas 75093. AT&T denies that AT&T Mobility

LLC's principal place of business is at 5565 Glenridge Connector, Atlanta, GA 30342. AT&T denies all other allegations of paragraph 3.

4. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and therefore denies the same.

5. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

6. AT&T admits that the complaint constitutes an action for patent infringement under Title 35, United States Code, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). AT&T denies that the Complaint states a valid cause of action of infringement against AT&T.

7. AT&T admits that Plaintiff purports to base venue under 28 U.S.C. §§ 1391(b-d) and 1400(b), but denies that this District is the most convenient venue for adjudication of the claims raised by Plaintiff in this action. AT&T admits that AT&T Mobility LLC conducts business in this Judicial District, but denies that a patent infringement cause of action has arisen as a result of their activities and specifically denies that such acts have constituted patent infringement in this district or elsewhere. AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 7 of the Complaint, and therefore denies the same.

8. AT&T does not contest that it is subject to the Court's general personal jurisdiction, but AT&T denies it has committed any act of infringement. AT&T admits that AT&T Mobility LLC is subject to specific personal jurisdiction in this Judicial District. AT&T denies all other allegations of paragraph 8 that directed towards AT&T. AT&T is without knowledge or

information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 8 of the Complaint, and therefore denies the same.

## COUNT 1

### (Alleged Infringement of United States Patent No. 7,454,212)

9.  AT&T admits that a purported copy of United States Patent No. 7,454,212 ("the '212 Patent") is attached to Plaintiff's Complaint as Exhibit A and that on its face it is titled, "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING." AT&T further admits that the face of the '212 Patent states that Adaptix, Inc. is the assignee. AT&T denies that the '212 Patent was duly and legally issued. As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10.  AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '212 Patent. AT&T admits that it sells cell phones such as the HTC Jetstream and HTC Vivid. AT&T denies all other allegations of paragraph 10.

11.  AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12.  AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '212 Patent. As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

13.  AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '212 Patent. AT&T denies that it has caused irreparable injury to ADAPTIX. Further, AT&T denies that a permanent injunction is warranted

or would serve the public interest.  As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

## COUNT 2

### (Alleged Infringement of United States Patent No. 6,947,748)

14.    AT&T admits that a purported copy of United States Patent No. 6,947,748 ("the '748 Patent") is attached to Plaintiff's Complaint as Exhibit B and that on its face it is titled, "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING."  AT&T further admits that the face of the '748 Patent states that Adaptix, Inc. is the assignee.  AT&T denies that the '748 Patent was duly and legally issued.  As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15.    AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '748 Patent.  AT&T admits that it sells cell phones such as the HTC Jetstream and HTC Vivid.  AT&T denies all other allegations of paragraph 15.

16.    AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17.    AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '748 Patent.  As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

18.    AT&T denies each and every infringement allegation directed at AT&T, and specifically denies any wrongdoing or infringement of the '748 Patent.  AT&T denies that it has caused

irreparable injury to ADAPTIX.  Further, AT&T denies that a permanent injunction is warranted or would serve the public interest.  As to the remaining allegations, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies the same.

## PLAINTIFF'S ALLEGED REMEDIES AND PRAYER

As to AT&T, AT&T denies that Plaintiff is entitled to any of the relief sought in the Complaint.  As to the other defendants, AT&T is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding relief specified in the Complaint, and therefore denies the same.

To the extent not expressly addressed above, the factual allegations in the Complaint are denied.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial, which requires no answer from AT&T.

## II.  ADDITIONAL DEFENSES

For its additional defenses, AT&T incorporates by reference as if fully set forth herein its responses to Paragraphs 1-18 to Plaintiff's Complaint.  Without assuming any burden other than that imposed by operation of law, AT&T asserts these additional defenses without admitting that AT&T bears the burden of proof on any of them.

## FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

19.     AT&T does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '212 Patent and the '748 Patent, either directly or indirectly, such as, contributorily or by inducement.

## SECOND ADDITIONAL DEFENSE

### (Invalidity)

20. On information and belief, the claims of the asserted '212 Patent and the '748 Patent are invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and 282.

## THIRD ADDITIONAL DEFENSE

### (Limitations on Damages)

21. Plaintiff's ability to recover damages under 35 U.S.C. §§ 286-287 is limited.

## FOURTH ADDITIONAL DEFENSE

### (Prosecution History Estoppel)

22. Under the doctrine of prosecution history estoppel, Plaintiff is estopped from asserting the doctrine of equivalents as to the arguments and amendments made to obtain allowance of the patent application that issued as the '212 Patent and the '748 Patent.

## FIFTH ADDITIONAL DEFENSE

### (28 U.S.C. § 1498)

23. Plaintiff's claims of patent infringement are barred in whole or in part by 28 U.S.C. § 1498 to the extent it claims infringement of devices sold to and/or designed for the United States.

## SIXTH ADDITIONAL DEFENSE

### (Acquiescence, Estoppel, Laches, Waiver)

24. Plaintiff is barred by the doctrines of acquiescence, estoppel, laches, and/or waiver from enforcing the '212 Patent and the '748 Patent against AT&T.

## SEVENTH ADDITIONAL DEFENSE

### (Limitations on Costs)

25. Plaintiff is precluded from recovering costs under 35 U.S.C. § 288.

## EIGHT ADDITIONAL DEFENSE

### (Failure to Mark)

26. On information and belief, Plaintiff has failed to mark or cause to be marked patented articles with the numbers of the '212 Patent and the '748 Patent.

27. 35 U.S.C. § 287 precludes Plaintiff from recovering any damages for alleged infringement, if any, that occurred prior to the time it provided the required notice to AT&T.

## NINTH ADDITIONAL DEFENSE

### (No Entitlement to Injunctive Relief)

28. Plaintiff is not entitled to injunctive relief as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for AT&T's alleged infringement.

## TENTH ADDITIONAL DEFENSE

### (License)

29. On information and belief, Plaintiff is precluded from recovering any damages because AT&T is licensed.

## RESERVATION OF RIGHTS

AT&T continues to investigate this matter and reserves the right to amend its Answer, add counterclaims and any additional defenses not presented herein, including, but not limited to those defenses revealed during discovery.

## AT&T'S PRAYER FOR RELIEF

WHEREFORE, AT&T respectfully prays for following relief:

1. That this Court declare and decree that AT&T has not infringed, has not willfully infringed, contributed to the infringement of, induced infringement of, and does not infringe any of the claims of the '212 Patent and the '748 Patent by any product or service of AT&T.

2. That this Court declare and decree that the '212 Patent and the '748 Patent are invalid.

3. That this Court find that this is an exceptional case under the provisions of 35 U.S.C. § 285 in favor of AT&T, and award AT&T its costs and reasonable attorney's fees incurred as a result of this action; and

4. That AT&T be granted such further relief as the Court deems just and proper.

                                            Respectfully submitted,

Date: May 10, 2012                */s/ Fred I. Williams*

                                            Fred I. Williams (*Lead Attorney to be noticed*)
State Bar No. 00794855
fwilliams@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
300 West 6th Street, Suite 1900
Austin, Texas 78701
Telephone: 512.499.6200
Facsimile: 512.499.6290

Todd E. Landis (*Attorney to be noticed*)
State Bar No. 24030226
tlandis@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: 214.969.2800
Facsimile: 214.969.4343

David R. Clonts (*Attorney to be noticed*)
State Bar No. 04403700
dclonts@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana St., 44th Floor
Houston, TX 77002-5200
Phone: (713) 220-5800
Fax: (713) 236-0822

ATTORNEYS FOR DEFENDANT
AT&T MOBILITY LLC

## CERTIFICATE OF SERVICE

I certify that on May 10, 2012 all counsel of record were served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Fred I. Williams*
Fred I. Williams